IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–02045–KMT–KLM

SANDRA MURRAY, an individual,

    Plaintiff,

v.

DONALD B. CRAWFORD, JR., an individual,,

    Defendant.

---

# ORDER

---

This matter is before the court on "Defendant's Motion to Compel Production of Documents" [Doc. No. 29, filed June 4, 2009].

This Motion requests enforcement of a subpoena the defendant served upon plaintiff's attorney, requesting that plaintiff provide "a copy of the documents that Sharon Roth disclosed in the Denver District Court case on May 13, 2009."  (Mot. ¶ 5.)  Defendant issued the subpoena on June 2, 2009, demanding that documents be produced on June 4, 2009 at 1:30 p.m., a two day response period.

A copy of the complaint in Denver District Court case, Case No. 09CV2053 is attached to the Motion as Exhibit A.  The Complaint indicates the case was filed on February 25, 2009.  The Motion states that defendant learned about the case on May 21, 2009.  (Mot. ¶ 4.)

The defendant filed this Motion to Compel on June 4, 2009 at 3:55 p.m. Defendant failed to confer with plaintiff <u>about filing the present motion</u>. Defendant states only, "Shortly before the deadline of 1:30 p.m., counsel for the parties conferred. Counsel for Plaintiff stated that he had been unsuccessful in his attempts to confer with Plaintiff about responding to the subpoena" The Local Rules of Practice for the District of Colorado require all parties to confer on motions and other disputes before a motion is filed. D.C.Colo.LCivR 7.1A; *see also Visor v. Sprint*, 1997 WL 796989 (D. Colo. 1997). There is no indication what the plaintiff's position was with respect to compliance with the subpoena and no indication that the parties discussed the filing of a Motion to Compel production of documents outside the period of discovery.

The issuance of a Rule 45 subpoena for documents from the plaintiff is improper in any event. *See, e.g.*, *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996)(Rule 45 subpoenas are only applicable to non-parties, and documents sought from parties must be requested pursuant to Rule 34). *But see Mortgage Information Services, Inc. v. Kitchens*, 210 F.R.D. 562, 564 (W.D.N.C. 2002)(noting split in courts regarding whether Rule 45 subpoenas can be used to gather discovery from a party). Clearly, the most appropriate method of requesting documents from the plaintiff is a Request for Production of Documents pursuant to Fed. R. Civ. P. 34. But even assuming that under some certain circumstances the use of a Rule 45 subpoena to obtain documents from a party is allowable, "the majority of jurisdictions [ ]hold[ ] that a Rule 45 subpoena does in fact constitute discovery." *Mortgage Information Services, Inc.* at 566. *See also, e.g., Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind. 2001) (noting that "[m]ost courts hold that a subpoena seeking documents from a third-party under Rule 45(a)(1)(C) is a

discovery device and therefore subject to a scheduling order's general discovery deadlines"); *Integra Lifesciences I, Ltd. v. Merck*, 190 F.R.D. 556, 561 (S.D. Cal. 1999) (observing that "[c]ase law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case"); *Marvin Lumber and Cedar Co. v. PPG Indus.*, Inc., 177 F.R.D. 443, 443-44 (D. Minn. 1997) (holding that subpoenas duces tecum meet the definition of discovery contained in Rule 26(a)(5), and that they are therefore subject to the same time constraints that apply to all of the other methods of formal discovery); 7 Moore's Federal Practice § 34.03[2][a] (stating that, "[a]lthough Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders").

The discovery cut off date in this case was June 1, 2009. [Doc. No. 12, Scheduling Order.] The subpoena was issued on June 2, 2009, requiring compliance on June 4, 2009.  The defendant's use of the subpoena to attempt to obtain discovery outside the discovery period is a transparent attempt to thwart the discovery deadlines set forth in the Scheduling Order.

Again, outside the period of time when all discovery in this case should be complete, the defendant advises the court, "Defendant will be significantly prejudiced if the documents are not produced before the deposition of Plaintiff on Monday, June 8, 2009."  The Denver District Court case was filed many months ago.  If the deposition of the plaintiff had been taken in a timely manner, defense counsel could have learned of the existence of the Denver case long before now.  This court does not see fit to sanction or condone the parties' self imposed exigencies.

For all the foregoing reasons, it is **ORDERED**

"Defendant's Motion to Compel Production of Documents" [Doc. No. 29] is **DENIED** and the subpoena [Doc. No. 29-3] is **QUASHED**.

Dated this 4th day of June, 2009.

                                          **BY THE COURT:**

                                          Kathleen M. Tafoya
                                          United States Magistrate Judge